22387. HOLMES *v.* HARDIN.

DECIDED NOVEMBER 18, 1932.

*Hallie B. Bell, Julian F. Urquhart,* for plaintiff in error.
*Grady Gillon, Charles L. Bartlett,* contra.

PER CURIAM. Miss Alene Hardin brought her action against Maria Holmes in the municipal court of Macon to recover $25 for professional services rendered by her as an attorney at law, said "services consisting of consultation and advice" in connection with defendant's claim against Georgia Power Company. In her answer Maria Holmes pleaded that the plaintiff had never rendered her any professional services, and denied indebtedness. She further pleaded that she "never employed or secured the plaintiff to render any professional services for her, nor any other services." The jury trying the case returned a verdict for the plaintiff in the sum of $20, and a judgment was entered accordingly. The case was taken by certiorari to the superior court. The judge of that court overruled the certiorari, and the defendant excepted and assigned as error the judgment so doing.

■ The motion in this court to dismiss the bill of exceptions because the assignment of error to the judgment overruling the certiorari is "too general" and "legally insufficient" is denied.

■ In our opinion, the record here presents but a single controlling question, and that is whether the evidence supports the

verdict and judgment. Frank and Maria Holmes were husband and wife. The plaintiff testified that Frank Holmes requested her to "handle the case," and that he consulted with her several times about the matter; that she concluded that the best way to handle the claim for alleged personal injuries was to effect a settlement, and that the proper way to do this was to have Frank take the matter up directly with the Power Company; that the said company offered a settlement of $50, and that she advised that this settlement be accepted; and that defendant employed another attorney through Frank to bring an action against the Power Company, and refused to pay plaintiff for the services she had rendered. Plaintiff also testified that she saw a doctor in regard to the injuries supposed to have been inflicted upon the defendant, and found that about all she could hope to recover was pay for loss of time. Frank swore that he had no authority to employ plaintiff to represent his wife, and that the plaintiff rendered no services. In this regard Maria testified as did her husband. Miss Hardin further testified that she was employed through Frank, but that when she went to see Maria to try to induce her to accept the settlement offered, Maria said that Frank was handling the matter for her—"that he had full power to handle it and she had nothing to do with it."

The evidence is conflicting and somewhat confusing as to whether or not Frank Holmes had authority to employ Miss Hardin in behalf of his wife. However, a careful reading of the record leads us to the conclusion that Frank "had full power to handle" the matter for Maria. There was ample evidence to show that Miss Hardin was a practicing attorney at law, that she did render services in the matter in question, and that said services were worth $20. Therefore we hold that the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Broyles, C. J., and Hooper, J., concur. MacIntyre, J., not presiding.*